IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHALITA TRENEE SCOTT,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF BALTIMORE, *et al.*,<br>    *Defendants* | Case No. 25-cv-1764-ABA |

**MEMORANDUM OPINION AND ORDER**

Self-represented Plaintiff Shalita Trenee Scott filed her complaint, ECF No. 1, 2025 and an amended complaint, ECF No. 5, in June 2025. In her amended complaint, which the Court treats as the operative complaint, she alleges that family members have appeared in court to contest her mental well-being, transferred properties belonging to her to other people, engaged in witchcraft rituals, and conspired with "countless" individuals throughout Baltimore have her killed. ECF No. 5 at 4. She alleges that Defendant City of Baltimore has failed to intercede into "or at least investigate" her claims about these alleged wrongdoings. *Id.* at 5. She seeks injunctive relief requiring the City to examine her claims of witchcraft further. *Id.* at 6. The Court will, on its own initiative, dismiss the complaint for lack of subject matter jurisdiction.

Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity

jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Ms. Scott contends that this Court has federal question under 42 U.S.C. §§ 1983, 1985, and 1986. ECF No. 5 at 3. Section 1983 allows a person to sue a state or local government official who violated their constitutional rights. *See Davidson v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019). But Ms. Scott has not named any individual government official as a Defendant. And while sections 1985 and 1986 reach private conspiracies (rather than only government actions), *see Griffin v. Breckenridge*, 403 U.S. 88, 96 (1971), Ms. Scott has not alleged that any actions were based on any "racial, or perhaps otherwise class-based, invidiously discriminatory animus," as required to fall within those sections. *Love v. Hogan*, Case No. 22-cv-1928, 2025 WL 763473, at *4 (4th Cir. 2025) (quoting *Griffin*, 403 U.S. at 102). For these reasons, Plaintiff has not established that this Court has subject matter jurisdiction over her claims.

While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Ms. Scott has not paid the fee and has instead moved for in forma pauperis status. ECF Nos. 2, 7. And, "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Id.* A complaint is frivolous if it is "based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly

baseless" such as those "describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (describing frivolousness under now 28 U.S.C. § 1915(g) in the context of self-represented prisoners). Even reading the complaint with deference to Ms. Scott, the Court has failed to find any non-frivolous plausible basis for any cause of action. Accordingly, the complaint will be dismissed.

## ORDER

For the reasons stated above, Ms. Scott's motion for in forma pauperis (ECF No. 2) is GRANTED and her complaint is DISMISSED with prejudice. The Clerk of Court shall mark the case as CLOSED.

Date:  September 9, 2025            _____/s/_____
                                     Adam B. Abelson
                                     United States District Judge